**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **KEITH M. JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil No. 3:14-00613** |
| | ) | **Judge Trauger** |
| **METROPOLITAN GOVERNMENT** | ) | |
| **OF NASHVILLE AND DAVIDSON** | ) | |
| **COUNTY, TENNESSEE,** | ) | |
| | ) | **JURY DEMAND** |
| **Defendant.** | ) | |

## ~~PROPOSED~~ INITIAL CASE MANAGEMENT ORDER

A.  JURISDICTION:      The court jurisdiction pursuant to 28 U.S.C. § 1331 and the Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e.

B.  BRIEF THEORIES OF THE PARTIES:

1)  PLAINTIFF:

Plaintiff was an African-American male employee of the Defendant at the Metropolitan Nashville Police Department (hereinafter "Police Department").  Plaintiff was hired in February 2002 as a police officer, and is currently ranked Patrol Sergeant for the Police Department.

On July 24, 2011, Plaintiff was off-duty riding his motorcycle when he began to have problems with a pickup truck swerving two lanes at Plaintiff.  Plaintiff contacted the Police Department and after officers responded, the field supervisor (Captain Walburn, Caucasian) advised he would not allow Plaintiff to prosecute even though Plaintiff wanted to prosecute.  The field supervisor had the officers change the report.

Captain Walburn filed a complaint against Plaintiff with the Office of Professional Accountability (OPA) and Plaintiff received it around August 9, 2011. The complaint accused Plaintiff of arguing with the pickup truck driver and following the driver to his residence amongst the statement, which was not accurate. In or around August 10, 2011, Plaintiff was notified that he was randomly selected to take a drug test, which Plaintiff passed. Caucasian officers are allowed to file a police report while they are off-duty and are not reported to OPA for incidents they are the victim of.

Plaintiff and his attorney were interviewed about the complaint filed against Plaintiff with OPA. Plaintiff was notified the complaint filed against his was determined "not sustained/not guilty" in October 2011. Plaintiff also filed a complaint against Captain Walburn and was advised on October 12, 2011, that his complaint would be investigated. Plaintiff was notified on December 5, 2012, the investigation was found to be "not sustained/not guilty" against Captain Walburn. Plaintiff never received any paperwork regarding his complaint against Captain Walburn. Caucasian employees' complaints are investigate and completed in a shorter time period.

In or around July 3, 2012, Plaintiff took the lieutenant promotion written test. After completion, Plaintiff returned to work to receive an email advising he was disqualified from the promotion process because he had not completed the "About Me" profile. Caucasian officers are allowed to participate in promotion processes without completing their profile. Two weeks later, Plaintiff sent an email to Human Resources appealing the decision and it was acknowledged. In or around September 11, 2012, Plaintiff received a phone call from Human Resources advising he could participate in the lieutenant promotion process. The assessment test date was set for

September 13, 2012, and Plaintiff only had two (2) days to study, unlike Caucasian officers who had months to study. Plaintiff ranked 38 out of 43.

2) DEFENDANT:

The issue that arose in 2011 about whether Mr. Johnson could file a police report, while off-duty, does not constitute an employment issue under Title VII and is also time-barred since it apparently occurred in 2011. Mr. Johnson is under the mistaken impression that he lodged a complaint about this event in July 2011, but he did not.

As for the lieutenant promotional test, Mr. Johnson is again under the mistaken impression that he applied for the job, but he did not. (In fact, Mr. Johnson had previously completed an application for another lieutenant opportunity, in 2010, and thus should have been familiar with the application process.) He tried, unsuccessfully, to update his "About Me" information, but the log-in information shows that his inputs in "About Me" were well past the deadline to apply for the position. He claims that "Caucasian officers are allowed to participate in promotional processes without completing their profile," but that is incorrect. Here, Metro's Main HR staff made a special recommendation to the Civil Service Commission that Mr. Johnson nevertheless be allowed to take the exam (even though he did not actually apply) due to the fact that it appeared that he was trying to apply for the job.

On September 11, 2012, the Commission approved staff's recommendation to allow Mr. Johnson to take the exam. That same day, Metro's Main HR contacted Mr. Johnson and instructed him to go to the assessment center for the test. Mr. Johnson reported to the assessment center on September 13, 2012 and completed that part of the promotional process.

C.  ISSUES RESOLVED: Jurisdiction and venue.

D.  ISSUES STILL IN DISPUTE: Liability and damages.

E.  INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before June 6, 2014.

F.  DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before March 6, 2015. Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 33.01(b) is expanded to allow 40  interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

G.  MOTIONS TO AMEND: The parties shall file all Motions to Amend on or before January 6, 2015.

H.  DISCLOSURE OF EXPERTS: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before December 5, 2014. The defendant shall identify and disclose all expert witnesses and reports on or before February 6, 2015.

I.  DEPOSITIONS OF EXPERT WITNESSES: The parties shall depose all expert witnesses on or before March 6, 2015.

J.  JOINT MEDIATION REPORT: The parties shall file a joint mediation report on or before March 6, 2015.

K.  DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or before – April 6, 2015. Responses to dispositive motions shall be filed within thirty (30) days after filing of the motion. Optional replies may be filed within fourteen (14) days after the filing of the response. Briefs shall not exceed 20 pages. No motion for partial summary judgment shall be

filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

L.  ELECTRONIC DISCOVERY: The parties have reached agreements on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

M.  ESTIMATED TRIAL TIME: The parties expect the trial to last approximately 3 days.

It is so **ORDERED.**

ALETA A. TRAUGER

APPROVED FOR ENTRY:


/s/ Andy L. Allman
ANDY L. ALLMAN, BPR No. 17857
ALLMAN & ASSOCIATES
103 Bluegrass Commons Blvd.
Hendersonville, Tennessee 37075
Telephone: (615) 824-3761 x203
andy@andylallman.com

*Attorney for Plaintiff*

And,


/s/ J. Brooks Fox
J. BROOKS FOX, BPR No. 16096
Metropolitan Attorney
108 Metropolitan Courthouse
P.O. Box 196300
Nashville, Tennessee 37219
Telephone: (615) 862-6341
Brook.fox@nashville.gov

*Attorney for Defendant*